UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERNEST EDWARDS,

                 Petitioner,

                                         CASE NO. 2:06-CV-13066
v.                                    HONORABLE PAUL D. BORMAN

ROBERT HOLMES BELL,

                 Respondent.

_____/

## OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS*, AND (3) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.      Introduction**

       Petitioner Ernest Edwards, a state prisoner currently incarcerated at the Marquette

Branch Prison in Marquette, Michigan, has filed a *pro se* petition for writ of habeas corpus

challenging an uttering and publishing conviction which was imposed in the Bay County Circuit

Court in 1986.[1]  Petitioner has not filed the $5.00 filing fee applicable to habeas corpus petitions,

*see* 28 U.S.C. § 1914(a), but seeks to proceed *in forma pauperis*.  Because Petitioner has been

enjoined from filing *in forma pauperis* lawsuits in this District without leave of court, and such

leave has not been requested nor granted, the Court denies the request to proceed *in forma*

*pauperis* and dismisses the habeas petition.  The Court also denies a certificate of appealability

---

    [1]Much of the petition is illegible.  Consequently, the Court cannot discern from the face of the petition, the nature of Petitioner's habeas claims.

1

and leave to proceed *in forma pauperis* on appeal

## II.    Discussion

Petitioner has been a frequent filer of civil rights complaints and habeas corpus petitions in this District.  In1996, District Judge Lawrence P. Zatkoff reviewed Petitioner's history of filing complaints and petitions in this district.  *See Edwards v. Hofbauer*, No. 96-CV-74292-DT (E.D. Mich. Oct. 31, 1996) ("Order Dismissing Complaint Under 28 U.S.C. § 1915(g) and Enjoining Plaintiff from Filing Future Complaints Without Prior Authorization").  Judge Zatkoff found that Petitioner's "history of unsubstantiated and vexatious litigation amounts to continued abuse of his *in forma pauperis* status" and enjoined Petitioner from filing any additional *in forma pauperis* lawsuits in this District without leave of court.  Judge Zatkoff ordered that any new complaint or petition filed by Petitioner must be accompanied by:

> (1) an application for permission to file the pleading; and

> (2) an affidavit demonstrating that plaintiff's allegations have merit and that they are not a repetition of plaintiff's previous complaints or petitions.

*Id*.

Petitioner has failed to file the required application or affidavit in this matter.  Therefore, the Court finds that Petitioner is enjoined from filing this petition *in forma pauperis* and his habeas petition should be dismissed.

## III.    Conclusion

For the reasons stated, the Court concludes that Petitioner is enjoined from proceeding *in forma pauperis* in this case and that his habeas petition must be dismissed.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of the denial of a constitutional right as to the issues raised in his habeas petition. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis. See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED**, that Petitioner's request to proceed *in forma pauperis* is **DENIED**, and that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 14, 2006.


s/Denise Goodine
Case Manager

3